Cabbol S. Walsh, Jb., J.
Motion by defendant for summary judgment dismissing the complaint herein on the grounds that there is no issue of fact and that as a matter of law the plaintiff is not entitled to any relief.
The complaint contains three causes of action, the first alleging that on December 18, 1968, the plaintiff entered into a written contract with defendant 'for the purchase of one E4290 Electronic Accounting Computer, one A4004 Auto Reader, and maintenance coverage for 12 months, for the sum of $36,829.33, less a trade-in allowance of $5,000, after plaintiff had outlined his business operations and requirements to defendant’s representatives, who produced literature, brochures and catalogs, which were studied by plaintiff, and who selected and recommended to plaintiff the computer and reader mentioned above and who allegedly orally warranted that these machines would perform all of plaintiff’s business operations and requirements in an expeditious, reliable and efficient manner; that in reliance upon these representations in the literature and by defendant’s representatives, plaintiff entered into the contract; but that these warranties and promises were not true and were false in that the machines were not expeditious, reliable or efficient, were of inferior quality and design, and were continuously broken down and in need of repair. This cause of action thus alleges breach of warranty of merchantability.
The second cause of action alleges that the machines were unusable and unfit for the purpose of plaintiff’s business, being an allegation of breach of warranty of fitness for particular purpose.
The third cause of action alleges revocation of acceptance of the machines by plaintiff, within a reasonable time, upon plaintiff’s discovery that the machines allegedly were unusable, unreliable, inoperative and not in conformity with the contract, *204 and defendant’s refusal to take back the machines and return plaintiff’s money. Plaintiff seeks the return of his money and also incidental and consequential damages.
The written contract of purchase dated December 18, 1968 describes the two machines, fixes the price, provides for 12 months’ maintenance, warrants the new equipment sold under the contract to be free from defects in material and workmanship and to exchange any parts shown to have become defective from normal wear and use during the one year from date of delivery, contains a clause that purchaser expressly waives all damages, whether direct, incidental or consequential, and also contains the following, in letters larger than those used in setting forth the other contract provisions, and in a separate paragraph: ‘1 there are no understandings, agreements, representations OR WARRANTIES, EXPRESS OR IMPLIED (INCLUDING ANY REGARDING MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE) NOT SPECIFIED HEREIN, RESPECTING THIS CONTRACT OR THE EQUIPMENT HEREUNDER. THIS CONTRACT STATES THE ENTIRE OBLIGATION OF SELLER IN CONNECTION WITH THIS TRANSACTION.”
Defendant contends that the contract was a limited commercial warranty expressly excluding any warranties of merchantability and fitness, conspicuously set forth, and therefore it is not liable to plaintiff under the complaint.
The exclusion of the implied warranties of merchantability and of fitness for purpose, and the exclusion of consequential damages are authorized and permitted under our law. Subdivision (2) of section 2-316 of the Uniform Commercial Code provides that to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that ‘ ‘ There are no warranties which extend beyond the description on the-face hereof.” Subdivision (3) of section 2-719 of the Uniform Commercial Code provides that consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable. Limitation of consequential damages for injury to the person in the case of consumer goods is prima facie unconscionable but limitation of damages where the loss is commercial is not.
The written contract between plaintiff and defendant specifically and conspicuously excludes any warranty, express or implied, of merchantability and also of fitness for particular *205 purpose by defendant as the seller. The only warranty expressed in the contract by the defendant as seller is the warranty that the equipment shall be free from defects in material and workmanship. Plaintiff’s complaint, however, is based on a breach of warranty of merchantability and of fitness for a particular purpose, and because no such warranties were made by the defendant, they being specifically and conspicuously excluded, plaintiff’s complaint fails to set forth any legal cause of action. In plaintiff’s supporting papers contesting this motion, plaintiff himself sets forth that the subject matter of the lawsuit is essentially to recover his purchase price for the equipment which was unusable for the purposes for which it was purchased and that there is always an implied warranty of fitness for purpose. However, the portions of the text cited by plaintiff from the section in New York Jurisprudence devoted to the subject of “ Sales ”, in support of his argument, clearly state that implied warranties apply only where the parties to a sales contract have not otherwise agreed or have not excluded any such implied warranties. Thus, there is no substance to plaintiff’s arguments or contentions which are defeated by these specific exclusions contained in the contract which he signed.
The contract also precludes plaintiff from recovering any incidental or consequential damages, providing as it does that in any event defendant shall not be held liable under the agreement for any more than exchange of equipment under the express warranty, and including in the agreement the clause that the purchaser thereunder expressly waives incidental or consequential damages. This court finds nothing unusual in this limitation of damages, it being common in these types of commercial agreements, and therefore finds nothing unconscionable as far as the agreement between these parties.
As far as plaintiff’s allegations concerning representations in the sales literature of the defendant, prior to the execution of the written agreement by him and plaintiff’s allegations as to recommendations and alleged warranties by defendant’s representatives prior to plaintiff’s execution of the written instrument, which plaintiff claims he relied upon and which induced him to make the purchase, these are matters which the court will not consider because this court holds that the written instrument or contract between these parties, dated December 18, 1968 clearly and explicitly sets forth the terms of the agreement between them and appears to be the final expression of their agreement. In such instance, no paroi evidence of prior oral statements or representations may be considered as contradic *206 tory to the written terms of the final written agreement. Where parties without any fraud or mistake have deliberately put their engagements in writing, such writing is the only evidence of their agreement. No allégation of fraud or mistake appears in the complaint, only allegations of breach of warranty of merchantability and of fitness for purpose, for which, by reason of the exclusions contained in the agreement, plaintiff has no cause of action and cannot hold defendant liable in damages. The court finds no material issue of fact.
The motion of defendant for summary judgment dismissing the complaint is granted without costs. (Wilson Trading Corp. v. Ferguson, Ltd., 23 N Y 2d 398 ; Zicari v. Harris Co., 33 A D 2d 17; Architectural Aluminum Corp. v. Macarr, 70 Misc 2d 495.)