■ In the Matter of NORELI INDUSTRIES, INC., et al., Petitioners, v KLEINERT'S, INC., Respondent and Third-Party Plaintiff-Appellant. KENT RUBBER INTERNATIONAL LTD., Third-Party Defendant-Respondent.—Judgment of the Supreme Court, New York County, entered January 7, 1976, as dismissed the first, second, third and fourth causes of action and the affirmative defenses predicated thereon of third-party plaintiff's complaint, and granted judgment in favor of third-party defendant in sum of $113,394.63, unanimously affirmed, without costs and without disbursements. We have considered all the claims pressed by third-party plaintiff and find no merit to the appeal. We restrict our comments to the points hereinbelow referred to. Third-party defendant properly established its entitlement to payment of the purchase price for the merchandise which third-party plaintiff had accepted (Uniform Commercial Code, § 2-607, subd [1]), less third-party plaintiff's expenses for rebagging and relabeling some of the swim caps. The Trial Justice properly dismissed each of the four causes of action and the affirmative defenses predicated thereon of third-party plaintiff. The first cause of action and the affirmative defense for damages for late delivery, were properly dismissed as there was no showing third-party plaintiff had suffered any damages as a result of late delivery. The fourth cause of action and the affirmative defense for damages for breach of warranty by sample, were properly dismissed as there was no evidence the swim caps which were delivered failed to conform to the samples. The third and fourth causes of action and the affirmative defenses for breach of warranty of fitness and merchantability were properly dismissed as third-party plaintiff failed to establish the damages it allegedly sustained for breach of such warranties. The measure of damages for breach of warranty "is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted" (Uniform Commercial Code, § 2-714, subd [2]). Third-party plaintiff's argument that damages are to be ascertained from the actual sales price of the goods months after delivery and acceptance is without legal basis. Nor can such claim come within the purview of the caveat to subdivision (2) of section 2-714 of the Uniform Commercial Code, namely, that the rule of damages set forth is applicable "unless special circumstances show proximate damages of a different amount". We find no abuse of discretion in the trial court's refusal to adjourn the trial to accommodate

one of the witnesses for third-party plaintiff. Concur—Kupferman, J. P., Birns, Evans, Capozzoli and Yesawich, JJ.