OPINION OF THE COURT
Alan J. Saks, J.
This action was tried before the court on October 19, 1982.
Claimant Ida Bogner bought a new Buick Regal in January, 1982. Late in July, she, together with her husband and a guest, commenced an automobile trip from The Bronx to Nova Scotia, intending to tour that Province of Canada. On Saturday, August 7, shortly after entering Nova Scotia the car broke down near New Glasgow. The car was taken to Kiley Buick in New Glasgow. There, she was told that the car needed a certain module for a coil that was not available at the shop. Indeed, she was informed that new parts for Buicks built in the United States were not readily available in all of Canada — they had to be sent up from the United States. However, Kiley Buick undertook to look around for the needed part and appears to have installed a used one. No charge was made for this service, because the car was still under the General Motors 1982 new Buick warranty. (It had had approximately 4,000 miles of use.) Leaving New Glasgow the same day, the car *930 broke down 20 miles later, between New Glasgow and Antigonish. It was first towed to a service station in Monastery, a suburb of Antigonish. Subsequently, it was brought to an authorized General Motors (G M) dealer in Antigonish.
On Tuesday, August 10, plaintiff was again told that the module in question was not available in Canada. Desperate, she made arrangements over the telephone to purchase it in New York and have it delivered by courier, via Purolator Courier Corp. Because of the latter’s error in sending it to the wrong part of Canada, her vacation was further prolonged. The action before the court is only for the delay caused by the failure of G M to supply reasonably prompt warranty service, not the additional delay caused by Purolator. The plaintiff contends and the court finds as a fact that plaintiff’s vacation was disrupted for three days as a result of GM’s failure to supply reasonably prompt warranty service. The question before the court is whether plaintiff may recover damages fór being stuck for three days in a provincial backwater during a time she had intended to be touring around Nova Scotia.
The warranty provides, in part: “If you are touring * * * visit any Buick dealer in the United States or Canada for warranty service * * * In the event your car breaks down due to the failure of a warranted part, contact the nearest Buick dealer.”
Respondent contends that the discomfort, disappointment and mental anguish that plaintiff may have suffered is not a proper element of damages for breach of the warranty, even if one assumes that the warranty was breached, as the court has so found.
Normally, when a contract is breached only such consequential damages as were reasonably foreseeable when the contract was made may be recovered. However, it is only reasonable for G M to assume that the cars it sells will be driven throughout the United States and Canada and that if one should break down on a touring vacation in a remote area, the purchaser will suffer at least an intangible but nonetheless real loss if the car is not given reasonably prompt warranty service. We live only in time, time lost is *931 irreplaceable. The court thus concludes that the type of damages sought are not excluded by the general law of contracts.
However, respondent claims they are excluded by the warranty itself. Before construing those terms, it is well to remember that the consumer does not draw the warranty. Its terms are phrased most artfully by G M, with whom the consumer is hardly in an equal bargaining position as to the contents of the warranty. The rule of law in such situations is standard. The terms are construed strictly as to the manufacturer. The consumer receives the benefit of every reasonable inference.
Respondent relies on a portion of the warranty labeled: what is not covered. Particularly, it relies on the item denoted: extra expenses, which states: “This warranty does not cover payment for loss of the use of the car during warranty repairs. This includes lodging bills, car rentals, other travel costs, or loss of pay.” (Emphasis supplied.)
Above this item is a drawing consisting of a crossed-out box in which are the words “motel” and “rent a car.”
The trouble with G M’s argument is that claimant is not suing for any consequential expenses. She is suing for the emotional harm she claims she suffered. By no fair reading of the cited exclusion can it be said to comprehend this type of consequential damages.
The cases cited by respondent in support of its position are inopposite. None involved construction of a similar exclusion in a similar type of warranty. For example, Belden-Stark Brick Corp. v Rosen & Sons (39 AD2d 534, 535, affd 31 NY2d 884) involved a sale of bricks to a business and provided in part: “ ‘Seller shall not be liable for any consequential damage of any kind whatever’ ”. No such all-excluding provision is present in this consumer service warranty. Likewise, Singer Co. v Alka Knitting Mills (41 AD2d 856) involved a commercial sales contract between parties on a more equal footing, the sale of a knitting machine to a textile manufacturer. As the opinion notes the contract expressly excluded any seller liability for consequential damage. Bakal v Burroughs Corp. (74 Misc 2d 202) involved the sale of a computer and allied *932 equipment from a manufacturer to a business person. The written warranty was held not to cover any incidental or consequential damages to the purchaser’s business because it expressly provided that in any event the seller’s only obligation was limited to an exchange of equipment and that the buyer expressly waived all damages, whether direct, incidental or consequential. Nothing in the warranty before the court so provides. The only question in Architectural Aluminum v Macarr (70 Misc 2d 495) was whether the written warranty excluded an implied warranty of merchantability or fitness in a commercial sale of goods.
None of those cases, the only ones cited to the court, involved facts even remotely similar to the instant one. Claimant is not seeking rescission of the sale of the Regal. She is not seeking car rental expenses, lodging costs, etc., the types of consequential damages the exclusion appears to cover under the heading: extra expenses. If G M desired to exclude emotional injury, the court is sure that it had counsel capable of drafting such an exclusion.
At the trial herein, defendant GM did not raise as a-separate issue whether damages for emotional injury can be awarded for breach of a new car parts and service warranty. Rather, it took the position that these and all other consequential damages are excluded by the warranty itself. Having found that these damages are not so excluded, it behooves me now to resolve whether they are excluded by general principles of contract law. It is often said that damages for emotional injury are not recoverable in a breach of contract action, unless a separate tort has accompanied the breach. However, the evolving modern law has carved out several exceptions to this general rule. (See 11 Williston, Contracts [3d ed], § 1341, pp 214-222.) These exceptions revolve about public policy. Where restricting the plaintiff to traditional contract recovery would make a mockery of justice, the courts have seen fit in many cases to award the only possible meaningful relief— damages for emotional injury. For example, if an undertaker warrants that a casket will be impregnable to insects and it shortly proves otherwise, recovery of the casket price is an obviously insufficient remedy. (See Chelini v Nieri, 32 *933 Cal 2d 480.) When a patron at a theatre or a swimming establishment is unjustifiably ejected (even without accompanying tort), recovery limited to the price of admission is likewise insufficient. (See Aaron v Ward, 203 NY 351.) This court feels that similar considerations apply when the rendering of automobile warranty service is unreasonably delayed, such that the customer has to languish in the boondocks for several days. The raison d’etre for a new car warranty is not merely to save the purchaser the cost of repair. Rather, it is also to assure that repair will be available in timely fashion. If the purchaser may not recover damages for emotional injury when that duty is breached, he or she will have no remedy whatsoever, since the warranty itself excludes out-of-pocket consequential damages and since the purchaser would not be expected to commence an action in, say, the outreaches of Nova Scotia to enjoin the manufacturer to honor its warranty. If the purchaser has no meaningful remedy, then the manufacturer has little incentive to take reasonable measures to avoid the constant recurrence of the instant situation. Such a result would be contrary to public policy.
The court hereby awards claimant the sum of $200 as compensatory damages for respondent’s breach of its warranty.
If there is an appeal in this matter, I believe that the issues are of such public importance that it would ill serve the public interest for the complainant to face the defendant alone. Therefore, the court suggests that she attempt to obtain private counsel or the assistance of some public or private body interested in consumer law, such as the New York State Department of Law.