■ MILBANK HOUSING DEVELOPMENT FUND, Respondent, v ROYAL INDEMNITY COMPANY, Appellant. [794 NYS2d 23]—

Order and interlocutory judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered April 9, 2004, which granted plaintiff-insured's renewed motion for summary judgment and compelled defendant to defend and indemnify plaintiff in the underlying personal injury action, and judgment, same court and Justice, entered May 14, 2004, which awarded plaintiff $20,000, plus interest and costs, for legal fees it incurred in defending the underlying action, unanimously affirmed, with one bill of costs.

Plaintiff may have failed to provide timely notice of the occurrence as required by the policy, but defendant's delay of more than 60 days in disclaiming coverage was unreasonable as a

matter of law (Insurance Law § 3420 [d]). The grounds for a disclaimer were readily apparent, before the onset of the delay, from the documents submitted to defendant, including the summons and complaint, the incident report, and a memo from plaintiff's director indicating that plaintiff had timely notice of the occurrence and failed to report it (*see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64 [2003]; *2833 Third Ave. Realty Assoc. v Marcus*, 12 AD3d 329 [2004]; *West 16th St. Tenants Corp. v Public Serv. Mut. Ins. Co.*, 290 AD2d 278 [2002]).

The trial court did not exercise its discretion improvidently in determining that existing conflicts precluded an attorney who participated in the defense from testifying as an expert as to the reasonableness of the legal fees requested. The roles of a witness and an advocate are entirely incompatible in these circumstances (Code of Professional Responsibility EC 5-9; *see also* DR 5-102 [a] [22 NYCRR 1200.21 (a)]; *see generally People v Berroa*, 99 NY2d 134, 139-140 [2002]). The attorney's testimony was not essential in that any expert could have been retained to testify as to the reasonableness of the fees. Nor did the court exercise its discretion improvidently in its ruling as to a continuance (*see Harper v Han Chang*, 267 AD2d 1011 [1999]; *Matter of Noreli Indus. v Kleinert's, Inc.*, 57 AD2d 792 [1977]) or the award of a reasonable attorney's fee (*see e.g. Utica Mut. Ins. Co. v Magwood Enters., Inc.*, 15 AD3d 471 [2005]). Concur—Buckley, P.J., Sullivan, Ellerin, Williams and Catterson, JJ.