■ Stumpf AG, Appellant, v Dynegy Inc. et al., Respondents, et al., Defendant. [820 NYS2d 24]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered on or about December 5, 2005, which denied plaintiff's motion for partial summary judgment on the issues of liability and the amount of damages against defendant Crisscross Communications, and sought to preclude defendants Dynegy and 360Networks Holdings from relitigating those issues, unanimously affirmed, with costs.

The court properly declined to recognize the English High Court judgment as conclusive on the issues of the breach of contract and levels of liability against Crisscross, and preclusion of defendants Dynegy and 360Networks Holdings from "relitigating" those issues as they might affect their own liability derivative from that of Crisscross. The High Court judgment did not fall within CPLR article 53, inasmuch as it was not "enforceable where rendered" (CPLR 5302). In order to get the liquidator in the English proceeding to consent to entry of a judgment against Crisscross, plaintiff agreed that it would not enforce that judgment against Crisscross. The judgment gave plaintiff no additional rights beyond those it already had in the liquidation proceeding. As Crisscross was the only party against whom the judgment was entered, and plaintiff could not enforce the judgment against Crisscross, the judgment was unenforceable.

The court also properly found that defendants are not collaterally estopped from litigating the issues of the alleged breach and level of damages. Collateral estoppel bars parties to a litigation, and those in privity with them, from relitigating issues necessarily decided in a prior litigation. In order to invoke the doctrine of collateral estoppel, the identical issue must necessarily have been decided in the prior litigation and be decisive of the present action, and there must have been a full and fair opportunity to contest the issue in the prior proceeding (*D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 665-666 [1990]; *Gramatan Home Invs. Corp. v Lopez*, 46 NY2d 481, 485 [1979]). Here, the matter was not previously "litigated" (*see Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 456-457 [1985] [issue not " 'actually litigated and determined' in a prior action" where "there has been a default, a confession of liability, a failure to place a matter in issue by proper pleading or even because of a stipulation"]; *see also Zimmerman v Tower Ins. Co. of N.Y.*, 13 AD3d 137, 140 [2004]).

In view of the foregoing, plaintiff's remaining contentions need not be addressed. Concur—Nardelli, J.P., Williams, Catterson, McGuire and Malone, JJ.