■ NYAT OPERATING CORP., Formerly Known as NEW YORK APPLE TOURS, INC., Plaintiff, and RENATA CABRERA, Respondent, v GAN NATIONAL INSURANCE COMPANY et al., Appellants. [847 NYS2d 179]—

Judgment, Supreme Court, New York County (Debra A. James, J.), entered July 25, 2006, in a declaratory judgment action involving defendant insurers' (GAN) obligation to defend and indemnify plaintiff insured (NYAT) in an underlying action in which plaintiff-intervenor (Cabrera) obtained a judgment against NYAT for having negligently hired and retained an employee who sexually assaulted her, in favor of Cabrera and against GAN in the principal amount of $997,448, plus interest, costs and disbursements, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered May 31, 2005, which, inter alia, on NYAT's default, granted GAN's motion pursuant to CPLR 3126 to dismiss the action to the extent of dismissing NYAT's complaint, and granted Cabrera's cross motion for summary judgment on her cause of action against GAN under Insurance Law § 3420 (b) (1), and appeal from order, same court (Steven E. Liebman, Special Referee), entered July 11, 2006, which computed Cabrera's damages and interest, unanimously dismissed, without costs.

The dismissal of NYAT's complaint as a result of its default in opposing GAN's CPLR 3126 motion does not estop Cabrera from asserting NYAT's coverage under the subject commercial general liability policy for the sexual assault committed against her by NYAT's employee (*Zimmerman v Tower Ins. Co. of N.Y.*, 13 AD3d 137 [2004]; *see Stumpf AG v Dynegy Inc.*, 32 AD3d 232, 233 [2006]). On the merits, because NYAT's liability in the underlying action was based on its negligent hiring and retention of the employee, not respondeat superior, the sexual assault was a covered "accident" within the meaning of the policy, and the exclusion for injuries expected or intended from the standpoint of the insured does not apply (*RJC Realty Holding Corp. v Republic Franklin Ins. Co.*, 2 NY3d 158 [2004]). It does

not avail GAN to argue that the assault was foreseeable (*cf. id.* at 164). Any right GAN had to disclaim on the ground that it did not receive timely notice of the assault was lost when it did not give either NYAT or Cabrera notice of disclaimer on such ground as soon as reasonably possible (*Tully Constr. Co., Inc. v TIG Ins. Co.*, 43 AD3d 1150, 1151-1152 [2007]; *see Milbank Hous. Dev. Fund v Royal Indem. Co.*, 17 AD3d 280, 280-281 [2005]). That GAN had such ground to disclaim was readily apparent as soon as it learned of Cabrera's lawsuit against NYAT commenced 2½ years earlier (*see Milbank* at 281); yet, GAN never served a notice of disclaimer. Instead, it served a reservation of rights letter on NYAT, which has no relevance to the question of timely notice of disclaimer (*Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1029 [1979]), and, if its answer herein be deemed a notice of disclaimer, it was untimely as a matter of law (*see id.* at 1029-1030). Accordingly, Cabrera was properly granted summary judgment for the compensatory portion of the underlying judgment, up to the $1 million limit of the policy, plus interest from the date of entry of the underlying judgment (*see Kleynshvag v GAN Ins. Co.*, 21 AD3d 999, 1000-1001 [2005]; *Levit v Allstate Ins. Co.*, 308 AD2d 475, 477 [2003]). We have considered GAN's other arguments and find them unavailing. Concur—Tom, J.P., Saxe, Friedman, Gonzalez and Catterson, JJ.