Order, Supreme Court, New York County (Marilyn T. Sugarman, Special Ref.), entered on or about August 17, 2011, which found that proposed additional respondent State Farm is obligated to insure proposed additional respondent Stokely Braithwaite in connection with the claims made against Braithwaite by respondent, Mohammad S. Hossain, unanimously modified, on the law, to grant the petition to stay the uninsured motorist arbitration, and otherwise affirmed, without costs.
The default judgment in State Farm’s favor issued in Nassau County Supreme Court did not have collateral estoppel effect precluding the determination by the Special Referee (see Kaufman v Eli Lilly & Co., 65 NY2d 449, 456-457 [1985]; Stumpf AG v Dynegy Inc., 32 AD3d 232, 233 [1st Dept 2006]).
The evidence at the framed-issue hearing was insufficient to establish lack of cooperation (see Matter of Empire Mut. Ins. Co. [Stroud — Boston Old Colony Ins. Co.], 36 NY2d 719, 721 [1975]; Thrasher v United States Liab. Ins. Co., 19 NY2d 159, 168-170 [1967]). Although State Farm sent letters and investigators to three different addresses for Braithwaite, the record does not establish that Braithwaite received the letters or had actual notice of State Farm’s attempts to contact him. Further, State *422 Farm never attempted to contact Braithwaite at various other addresses in its file or at a possible work location (see Matter of Liberty Mut. Ins. Co. v Roland-Staine, 21 AD3d 771, 773 [1st Dept 2005]; Matter of New York Cent. Mut. Fire Ins. Co. [Salomon], 11 AD3d 315, 316-317 [1st Dept 2004]).
We modify only to include a provision granting the petition to stay arbitration. Concur — Tom, J.E, Sweeny, Acosta, DeGrasse and Richter, JJ.