Certain Underwriters at Lloyd's v Itzhak Nissanoff Inc. (2025 NY Slip Op 03529)

Certain Underwriters at Lloyd's v Itzhak Nissanoff Inc.

2025 NY Slip Op 03529

Decided on June 10, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 10, 2025

Before: Manzanet-Daniels, J.P., Friedman, Scarpulla, Shulman, Rosado, JJ. 

Index No. 652565/20|Appeal No. 4553|Case No. 2024-03765|

[*1]Certain Underwriters at Lloyd's, etc., Plaintiff-Respondent,
v
Itzhak Nissanoff Inc., et al., Defendants-Appellants, Khushi Diamonds, Defendant.

The Law Office of Adam D. Glassman, PC, Lloyd Harbor (Adam D. Glassman of counsel), for appellants.
Mazzola Lindstrom, LLP, New York (Hanoch Sheps of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (Joel M. Cohen, J.), entered on or about May 13, 2024, which denied defendants-appellants' (defendants) motion for summary judgment, granted plaintiff's motion for summary judgment and declared that defendants were not entitled to a defense or indemnification from plaintiff in the underlying action, unanimously affirmed, with costs.
Plaintiff insurer commenced this action for a declaration that it has no duty to defend or indemnify defendants in the underlying action which stemmed from the loss of a diamond. Plaintiff claimed that coverage was unavailable because defendants breached a warranty of the insurance policy and failed to meet a condition precedent to coverage, as there was no working security system at the time of the loss.
The court properly found that defendants breached a warranty in its insurance policy and failed to meet a condition precedent to coverage by failing to have a working security alarm system at the time of loss. Defendants' argument that plaintiff waived its right to disclaim coverage is unavailing. Plaintiff's reservation of rights letter is irrelevant to whether plaintiff timely sent a notice of disclaimer (see Hartford Ins. Co. v County of Nassau, 46 NY2d 1028, 1029 [1979]; NYAT Operating Corp. v GAN Natl. Ins. Co., 46 AD3d 287, 288 [1st Dept 2007], lv denied 10 NY3d 715 [2008]). Even if a disclaimer was warranted, the strict timeliness standard under Insurance Law § 3420(d) applies only for denials of coverage "for death or bodily injury" and is inapplicable to the property insurance claim in this action (see KeySpan Gas E. Corp. v Munich Reins. Am., Inc., 23 NY3d 583, 590 [2014]). Plaintiff's explicit reservation of rights precluded any arguments as to waiver and equitable estoppel (see Globecon Group v Hartford Fire Ins. Co., 434 F3d 165, 176 [2d Cir 2006]; Federated Dept. Stores, Inc. v Twin City Fire Ins. Co., 28 AD3d 32, 37-38 [1st Dept 2006]); defendants are not prejudiced, as the requirement to maintain an operational security system was explicitly stated within the policy terms.
Defendants' contention that the non-functioning security cameras did not constitute a breach of the policy's alarm and protection clause is unavailing. The policy's alarm and protection clause must be interpreted so as to give meaning to every provision, so that no provision is left without force and effect (Muzak Corp. v Hotel Taft Corp., 1 NY2d 42, 46 [1956]; Black Bull Contr., LLC v Indian Harbor Ins. Co., 135 AD3d 401, 406 [1st Dept 2016]). Section (d) of that clause — "[a]ll other protections provided for the safety of the insured property" — plainly pertains to the entire burglar alarm system at issue, including the security cameras, which must be operable at all times. Accordingly, this provision is material to the risk of loss under the policy (see Insurance Law § 3106), as functioning security cameras could have provided evidence as to how the missing diamond disappeared.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 10, 2025