Mercure, Peters, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.

■ In the Matter of NEW YORK ASSOCIATION OF CONVENIENCE STORES et al., Appellants, v MICHAEL H. URBACH, as Commissioner of the Department of Taxation and Finance of the State of New York, et al., Respondents. [712 NYS2d 220] —Crew III, J. P. Appeal from a judgment of the Supreme Court (Lang, Jr., J.), entered August 2, 1999 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to compel respondents to enforce sales and excise taxes pertaining to on-reservation sales of tobacco products and motor fuel by Indian retailers to non-Indian customers.

This litigation arises out of the sale of tobacco and fuel products by Indian retailers to non-Indians on Indian reservations. Tax Law articles 12-A, 20 and 28 impose sales and excise taxes on tobacco and motor fuel sold within this State. While

Federal law forbids collection of these taxes on goods sold on Indian reservations to enrolled tribal members (*see, Moe v Salish & Kootenai Tribes*, 425 US 463), such taxes are collectible when sales thereof are made to non-Indian customers (*see, Washington v Confederated Tribes*, 447 US 134).

In 1988, respondent Department of Taxation and Finance adopted regulations requiring reservation retailers to pay such sales and excise taxes. The regulations allowed Indian retailers to purchase a limited amount of untaxed tobacco and motor fuel based upon estimates of the demand for otherwise taxable goods by reservation members. All remaining allotments of tobacco and motor fuel were subject to State taxes.

Following adoption of the regulations, a proceeding was commenced by Indian merchants seeking to permanently enjoin the Department from enforcing them and, as a result, the Department then suspended implementation pending the outcome of that litigation. Ultimately, the US Supreme Court held that the regulations were not preempted by Federal law (*see, Department of Taxation & Fin. v Milhelm Attea & Bros.*, 512 US 61). In spite of the outcome of that litigation, the Department continued its nonenforcement policy, as the result of which petitioners, trade organizations representing convenience stores and corporations owning and operating retail stores in New York that sell tobacco and motor fuel, initiated this CPLR article 78 proceeding seeking to compel respondents to determine, assess and collect the taxes relating to the sales of those products when made to non-Indian consumers.

Following commencement of this proceeding, respondents unsuccessfully moved to dismiss the petition on the ground that petitioners lacked standing. Thereafter, Supreme Court granted the petition. On appeal, we found that petitioners had standing, but held that the favorable treatment afforded Indian retailers by the nonenforcement policy constituted a "suspect classification" based upon race. Because respondents sustained their heavy burden of demonstrating that such racially based policy was constitutional, we affirmed Supreme Court's finding in that regard (230 AD2d 338).

The Court of Appeals agreed with this Court that petitioners had standing based upon an equal protection claim. The Court disagreed, however, with this Court's conclusion that the Department's failure to enforce the tax laws constituted race-based discrimination subject to the heightened "strict scrutiny" analysis (92 NY2d 204, 212), concluding that Indian tribes possess attributes of sovereignty and that preferences may therefore be granted to them, not as a discreet racial group but

as members of quasi-sovereign tribal entities. Accordingly, the Court of Appeals held that whether the Department's policy of forbearance is sustainable must be determined utilizing the much less demanding "rational basis" standard (*id.*, at 213). The court further took judicial notice of the fact that following the parties' submissions and oral argument, the Department repealed the regulations in question and observed that "what was once portrayed as a temporary policy of abstention in enforcement has now become permanent" (*id.*, at 214). Accordingly, the Court of Appeals remitted the matter to Supreme Court to "reconsider the dispute in light of the Tax Department's newly minted *long-term* policy" and to determine whether such policy is sustainable under a rational basis analysis (*id.*, at 215 [emphasis in original]). Following additional submissions and argument, Supreme Court determined that respondents' policy was rationally based, and this appeal by petitioners ensued.

Our review of the record persuades us that there is indeed a rational basis for respondents' indefinite forbearance. Initially, we note that the "rational basis" test has been characterized as "the lowest level of judicial review" (*Port Jefferson Health Care Facility v Wing*, 94 NY2d 284, 289, *cert denied* 530 US 1276), requiring only that the State's policy "be upheld against equal protection challenges if there is any reasonably conceivable state of facts that could provide a rational basis" (*Federal Communications Commn. v Beach Communications*, 508 US 307, 313). The record here clearly reflects such a state of facts, as it makes plain that the statutes cannot effectively be enforced without the cooperation of the Indian tribes. Because of tribal immunity, the retailers cannot be sued for their failure to collect the taxes in question, and State auditors cannot go on the reservations to examine the retailers' records.

Additionally, the Department cannot compel the retailers to attend audits off the reservations or compel production of their books and records for the purpose of assessing taxes. In that regard, representatives of the Department engaged in extensive negotiations with the tribes in an effort to arrive at an acceptable agreement. Those efforts were largely unsuccessful and the vast majority of the Indian retailers refused to register with the Department. In further efforts to enforce the statute, the State attempted interdiction, i.e., interception of tobacco and motor fuel shipments and seizure of those shipments that were found to be in noncompliance with the Tax Law. That strategy resulted in civil unrest, personal injuries and significant interference with public transportation on the State

highways. In our view, all of these factors provide a rational basis for the differential treatment of the parties and we, therefore, affirm the judgment of Supreme Court.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.