■ JOHN DOE, Appellant, v ONEIDA INDIAN NATION OF NEW YORK, Doing Business as TURNING STONE CASINO and TURNING STONE RESORT HOTEL, Respondent. [717 NYS2d 417] —Mugglin, J. Appeal from an order of the Supreme Court (O'Brien, J.), entered July 27, 1999 in Madison County, which granted defendant's motion to dismiss the complaint for lack of subject matter jurisdiction.

Defendant owns and operates the Turning Stone Casino and Resort Hotel (hereinafter Hotel) which is located on land separate from the reservation of the Oneida Indian Nation. During the early morning hours of February 7, 1998, plaintiff's leg was pierced by a hypodermic needle projecting from his mattress at the Hotel. Although plaintiff's injury did not require hospitalization, since the incident plaintiff has continuously undergone HIV testing which has been negative. Initially, plaintiff sought compensation through the Indian Nation Peacemaker Court, ultimately rejecting a settlement offer. Although his case is apparently still pending in the tribal court system, plaintiff commenced this action seeking $20 million for mental pain and distress. Supreme Court granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (2), holding that defendant possesses sovereign immunity and, thus, the court lacked subject matter jurisdiction to entertain the action. Plaintiff appeals.

We affirm. It is fundamental that Indian tribes possess sovereign immunity from suit in state and Federal courts (*see, Oklahoma State Tax Commn. v Potowatomi Tribe*, 498 US 505, 509; *Matter of Ransom v St. Regis Mohawk Educ. & Community Fund*, 86 NY2d 553, 558; *Saratoga County Chamber of Commerce v Pataki*, 275 AD2d 145, 151, n 2; *Matter of New York Assn. of Convenience Stores v Urbach*, 275 AD2d 520, *appeal dismissed* 95 NY2d 931). We reject plaintiff's attempts to distinguish these cases, finding his reliance on *Oneida Indian Nation v Burr* (132 AD2d 402) to be misplaced. Here, plaintiff is a non-Indian seeking to acquire jurisdiction over a sovereign nation. In *Burr*, the plaintiff, Oneida Indian Nation, com-

menced its lawsuit in the State court system (*see, Ransom v St. Regis Mohawk Educ. & Community Fund, supra*, at 560, n 3). Moreover, the fact that plaintiff sustained injury at the Hotel, a commercial activity allegedly outside the Oneida Indian Reservation, provides no foundation for an exception to the sovereign immunity rule. Tribes are immune from suits arising from their commercial activities, whether conducted on or off the reservation (*see, Kiowa Tribe of Oklahoma v Manufacturing Technologies*, 523 US 751, 760; *see also, Romanella v Hayward*, 933 F Supp 163, *affd* 114 F3d 15 [immunity bars suit by a plaintiff who slipped and fell in the parking lot of a tribe's casino]).

We have considered plaintiff's other contentions urging the creation of an exception to the sovereign immunity doctrine and find them likewise unavailing.

Crew III, J. P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.