■ GRACE ZETH, Respondent, v FREDDIE JOHNSON, Appellant. [765 NYS2d 403] —Appeal from an order of Supreme Court, Cattaraugus County (Nenno, J.), entered October 17, 2002, which denied defendant's motion to dismiss the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when a snowplow operated by defendant and owned by the Seneca Nation struck the vehicle she was driving. Defendant is a member of the Mohawk Nation who resides on the Seneca Nation Reservation and it is undisputed that, at the time of the accident, he was operating the snowplow on behalf of the Seneca Nation in the course of his employment. Supreme Court erred in denying defendant's motion to dismiss the complaint. "It is fundamental that Indian tribes possess sovereign immunity from suit in state and

Federal courts" (*Doe v Oneida Indian Nation of N.Y.*, 278 AD2d 564, 564 [2000], *lv denied* 96 NY2d 716 [2001]; *see Matter of Ransom v St. Regis Mohawk Educ. & Community Fund*, 86 NY2d 553, 558-559 [1995]). "The doctrine of tribal immunity 'extends to individual tribal officials acting in their representative capacity and within the scope of their authority' " (*Romanella v Hayward*, 933 F Supp 163, 167 [1996], *affd* 114 F3d 15 [1997]). "[T]ribe members, even officials, are amenable to suit if the subject of the suit is not related to the officials' performance of official duties" (*id.*). Here, defendant was performing his official duties and was acting in the scope of his authority at the time of the accident, and thus defendant is entitled to the sovereign immunity of the Seneca Nation (*see id.* at 167-168). Present—Pigott, Jr., P.J., Green, Scudder, Gorski and Hayes, JJ.