■ HUNT CONSTRUCTION GROUP, INC., Respondent, v ONEIDA INDIAN NATION, Appellant. [862 NYS2d 423]—

Appeal from an order of the Supreme Court, Oneida County (Robert F. Julian, J.), entered November 20, 2007 in an action for breach of contract. The order denied the motion of defendant to dismiss the complaint.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking damages resulting from the alleged breach by defendant, the owner of the Turning Stone Casino & Resort, of its construction contract with plaintiff. Defendant moved to dismiss the complaint on, inter alia, the grounds that Supreme Court "lack[ed] . . . subject-matter jurisdiction and personal jurisdiction over [defendant] on the basis of sovereign immunity." We conclude that the court erred in denying the motion.

It is well settled that "Indian tribes possess common-law sovereign immunity from suit akin to that enjoyed by other sovereigns" (*Matter of Ransom v St. Regis Mohawk Educ. & Community Fund*, 86 NY2d 553, 558 [1995]; *see generally Kiowa Tribe of Okla. v Manufacturing Technologies, Inc.*, 523 US 751, 754 [1998]; *Oklahoma Tax Comm'n v Citizen Band of Potawatomi Tribe of Okla.*, 498 US 505, 509 [1991]). Absent an explicit waiver of sovereign immunity, an Indian tribe cannot be sued in either state or federal court (*see generally Ransom*, 86 NY2d at 560-561), and "waivers of immunity 'are to be strictly construed in favor of the [t]ribe' " (*id.* at 561). It is undisputed that defendant is a federally recognized Indian tribe that enjoys sovereign immunity (*see* 70 Fed Reg 71194 [2005]). Here, however, section 4.9.9 of the contract provides in relevant part that defendant "hereby expressly, unequivocally, and irrevocably waives its sovereign immunity from suit solely for the limited purpose of enforcement of the terms of this Agreement . . . In conjunction with [defendant's] limited waiver of sovereign immunity, . . . [defendant] hereby consents to submit to personal jurisdiction of those courts of the State of New York and of the United States with competent subject matter jurisdiction *located in the City of Syracuse, New York and the parties agree that all actions related to this Agreement shall be brought or defended in such courts*" (emphasis added).

As defendant correctly notes, a sovereign's interest " 'encompasses not merely *whether* it may be sued, but *where* it may be sued' " (*Atascadero State Hospital v Scanlon*, 473 US 234, 241 [1985], *reh denied* 473 US 926 [1985], quoting *Pennhurst State School & Hospital v Halderman*, 465 US 89, 99 [1984]; *see Garcia v Akwesasne Hous. Auth.*, 268 F3d 76, 86-87 [2001]).

Thus, a sovereign may place geographic limits on its waiver of sovereign immunity (*see e.g. Stokes v University of Tenn. at Martin*, 737 SW2d 545, 546 [Tenn 1987], *cert denied* 485 US 935 [1988]). Construing the waiver provision of the agreement in favor of defendant, as we must (*see Ransom*, 86 NY2d at 561), we conclude that defendant limited its waiver of sovereign immunity to courts located in the City of Syracuse, and thus this action commenced in Supreme Court, Oneida County, is not encompassed by that limited waiver of sovereign immunity. Present—Hurlbutt, J.P., Lunn, Fahey, Peradotto and Pine, JJ.