■ ONEIDA INDIAN NATION, Appellant, v HUNT CONSTRUCTION GROUP, INC., Respondent. [888 NYS2d 828]—

Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered November 28, 2008 in an action for breach of contract. The order, insofar as appealed from, denied in part the motion of plaintiff to dismiss the counterclaims.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting that part of the motion with respect to the second counterclaim to the extent it alleges breach of implied warranties and dismissing that counterclaim to that extent and granting those parts of the mo-

tion with respect to the fourth and fifth counterclaims and dismissing those counterclaims and as modified the order is affirmed without costs.

Memorandum: Plaintiff, the owner of the Turning Stone Casino & Resort, commenced this action seeking damages resulting from the alleged breach by defendant of its construction contract with plaintiff. Plaintiff moved to dismiss the second through fifth counterclaims on the ground that it had waived sovereign immunity only with respect to counterclaims seeking to enforce the terms of the contract and thus that Supreme Court lacked subject matter jurisdiction over the second through fifth counterclaims. We agree with plaintiff that the court erred in denying those parts of the motion seeking to dismiss the second counterclaim to the extent it alleges the breach of implied warranties; the fourth counterclaim, for quantum meruit and unjust enrichment; and the fifth counterclaim, for an account stated. We therefore modify the order accordingly.

As we stated in an earlier appeal involving the same parties and the same construction contract, "[i]t is well settled that Indian tribes possess common-law sovereign immunity from suit akin to that enjoyed by other sovereigns . . . Absent an explicit waiver of sovereign immunity, an Indian tribe cannot be sued in either state or federal court . . . , and waivers of immunity are to be strictly construed in favor of the [t]ribe . . . It is undisputed that [plaintiff] is a federally recognized Indian tribe that enjoys sovereign immunity . . . Here, however, section 4.9.9 of the contract provides in relevant part that [plaintiff] hereby expressly, unequivocally, and irrevocably waives its sovereign immunity from suit *solely for the limited purpose of enforcement of the terms of this Agreement*" (*Hunt Constr. Group, Inc. v Oneida Indian Nation*, 53 AD3d 1048, 1049 [2008], *lv denied* 11 NY3d 709 [2008] [internal quotation marks omitted and emphasis added]). Construing the waiver provision of the contract in favor of plaintiff, as we must (*see Matter of Ransom v St. Regis Mohawk Educ. & Community Fund*, 86 NY2d 553, 561 [1995]), we agree with plaintiff that it limited its waiver of sovereign immunity to claims seeking to enforce the terms of the contract.

The contract permitted the parties to mediate "[a]ll claims, disputes and other matters . . . arising out of, or relating to, [the contract], the Project, the Work, the Contract Documents or the breach thereof" and, following the initial recommendation of the mediator, the parties were entitled to "bring any action *in a court of competent jurisdiction* to resolve the dispute"

(emphasis added). A court of competent jurisdiction is one that has subject matter jurisdiction over the matter. Because plaintiff waived its sovereign immunity only for claims seeking to enforce the terms of the contract, the courts of New York are not courts of competent jurisdiction with respect to any other claims. As plaintiff correctly contends, the contract is not internally inconsistent. Plaintiff agreed to mediate claims beyond those encompassed by the waiver of sovereign immunity (*cf. C & L Enterprises, Inc. v Citizen Band Potawatomi Tribe of Okla.*, 532 US 411, 418-419 [2001]). Even assuming, arguendo, that the contract is ambiguous, we conclude that any ambiguity must be resolved in favor of plaintiff (*see generally Ransom*, 86 NY2d at 561). Present—Scudder, P.J., Smith, Carni, Pine and Gorski, JJ.