# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**922**

**CA 11-00241**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, GREEN, AND GORSKI, JJ.

---

THE ONEIDA INDIAN NATION, A SOVEREIGN NATION,
PLAINTIFF-APPELLANT,

V                                                                    MEMORANDUM AND ORDER

HUNT CONSTRUCTION GROUP, INC.,
DEFENDANT-RESPONDENT.
--------------------------------------------------
THE ONEIDA INDIAN NATION, A SOVEREIGN NATION,
THIRD-PARTY PLAINTIFF,

V

BRENNAN BEER GORMAN/ARCHITECTS, LLP,
THIRD-PARTY DEFENDANT.
--------------------------------------------------
BRENNAN BEER GORMAN/ARCHITECTS, LLP,
FOURTH-PARTY PLAINTIFF-RESPONDENT,

V

BERTINO & ASSOCIATES, INC.,
FOURTH-PARTY DEFENDANT-APPELLANT,
STEVEN FELLER, P.E., STEVEN FELLER, P.E. INC.,
STEVEN FELLER, P.E., PL, S. DESIMONE
CONSULTING ENGINEERS, PLLC, FOURTH-PARTY
DEFENDANTS-RESPONDENTS,
ET AL., FOURTH-PARTY DEFENDANTS.

---

WILLIAMS & CONNOLLY LLP, WASHINGTON, D.C. (DENNIS M. BLACK, OF THE WASHINGTON, D.C. AND MARYLAND BARS, ADMITTED PRO HAC VICE, OF COUNSEL), AND MACKENZIE HUGHES LLP, SYRACUSE, FOR PLAINTIFF-APPELLANT.

SUGARMAN LAW FIRM, LLP, SYRACUSE (SAMUEL M. VULCANO OF COUNSEL), FOR FOURTH-PARTY PLAINTIFF-RESPONDENT.

PILLSBURY WINTHROP SHAW PITTMAN LLP, WASHINGTON, D.C. (JEFFREY R. GANS, OF THE WASHINGTON, D.C. AND VIRGINIA BARS, ADMITTED PRO HAC VICE, OF COUNSEL), AND HANCOCK & ESTABROOK, LLP, SYRACUSE, FOR DEFENDANT-RESPONDENT.

---

Appeals from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered January 21, 2011. The order, among other things, denied the motion of plaintiff for partial summary

judgment and denied the motion of fourth-party defendant Bertino &
Associates, Inc. for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting the motion of plaintiff-
third-party plaintiff and dismissing defendant's first and second
counterclaims to the extent that they seek amounts in excess of the
contractual guaranteed maximum price, as modified by Change Orders or
Construction Change Directives, and as modified the order is affirmed
without costs.

Memorandum:  Plaintiff-third-party plaintiff (plaintiff), the
owner of Turning Stone Casino & Resort, commenced this action seeking
damages resulting from the alleged breach by defendant, Hunt
Construction Group, Inc. (Hunt), of its construction contract
(contract) with plaintiff.  On a prior appeal, we concluded that
Supreme Court erred in denying those parts of plaintiff's motion to
dismiss the second counterclaim in part and the fourth and fifth
counterclaims, and we therefore modified the order accordingly (*Oneida
Indian Nation v Hunt Constr. Group, Inc.*, 67 AD3d 1345).  Plaintiff
appeals from that part of an order that denied its motion for partial
summary judgment dismissing Hunt's remaining counterclaims to the
extent that they seek amounts in excess of the contractual guaranteed
maximum price (GMP) as modified by Change Orders or Construction
Change Directives executed pursuant to the terms of the contract.  We
agree with plaintiff that the court erred in denying its motion, and
we therefore modify the order accordingly.

Article 7 of the General Conditions of the contract unambiguously
provides that Hunt would not be reimbursed for any expense or paid a
fee for any work that exceeded the GMP unless that expense or work was
authorized either by a Change Order signed by plaintiff, third-party
defendant-fourth-party plaintiff, Brennan Beer Gorman/Architects, LLP
(BBG), the project architect, fourth-party defendant Bertino &
Associates, Inc. (Bertino), the construction manager, and Hunt or by a
Construction Change Directive signed by plaintiff, BBG and Bertino.
The conduct of plaintiff and Hunt belies Hunt's contention that
plaintiff waived that requirement set forth in Article 7 (*cf. Austin v
Barber*, 227 AD2d 826, 828).  Indeed, Hunt continued to seek, and in
certain instances was granted, increases to the GMP pursuant to the
executed Change Orders and Construction Change Directives (*see Charles
T. Driscoll Masonry Restoration Co., Inc. v County of Ulster*, 40 AD3d
1289, 1292).  Further, the limited authority granted to Bertino
pursuant to the contract to act on behalf of plaintiff cannot be
interpreted as authorization for Bertino to bind plaintiff to an
increased GMP, inasmuch as such an interpretation would render the
majority of Article 7 meaningless (*see Diamond Castle Partners IV PRC,
L.P. v IAC/InterActiveCorp*, 82 AD3d 421, 422).

Bertino also appeals from that part of the order that denied its
motion for summary judgment dismissing the fourth-party complaint
against it and the cross claims of the other fourth-party defendants,
Bertino's subcontractors on the project.  Inasmuch as Bertino's
contract with plaintiff expressly requires Bertino to indemnify BBG

for any damages resulting from Bertino's acts or omissions for which BBG is found liable, the court properly denied that part of the motion of Bertino with respect to BBG's contractual indemnification claim against it (*see Williams v City of New York*, 74 AD3d 479, 480). Finally, Bertino's contention that it is entitled to summary judgment dismissing the common-law indemnification and contribution claims against it is raised for the first time on appeal, and thus that contention is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

Entered:  October 7, 2011                                    Patricia L. Morgan
                                                             Clerk of the Court