# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

894

CA 12-00491

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

SUE/PERIOR CONCRETE & PAVING, INC.,
PLAINTIFF-RESPONDENT,

V                                    MEMORANDUM AND ORDER

SENECA GAMING CORPORATION, ET AL., DEFENDANTS,
KEVIN W. SENECA, ET AL., DEFENDANTS-APPELLANTS.

---

HARTER, SECREST & EMERY, LLP, BUFFALO (JOHN G. HORN OF COUNSEL), AND HOBBS STRAUS DEAN & WALKER, LLP, PORTLAND, OREGON (EDMUND C. GOODMAN, OF THE OREGON AND WASHINGTON BARS, ADMITTED PRO HAC VICE, OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

DUKE, HOLZMAN, PHOTIADIS & GRESENS LLP, BUFFALO (GREGORY P. PHOTIADIS OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered November 21, 2011. The order, insofar as appealed from, denied in part defendants' motion to dismiss.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety and the complaint is dismissed.

Memorandum: Plaintiff commenced this action against the Seneca Gaming Corporation (SGC), Seneca Niagara Falls Gaming Corporation (SNFGC), and 17 individual defendants, asserting causes of action for tortious interference with contract, tortious interference with prospective business advantage, "concerted action," and prima facie tort. SGC is a corporation formed by the Seneca Nation of Indians (SNI) to carry out the tribe's gambling operations, and SNFGC is a wholly-owned subsidiary of SGC that operates the Seneca Niagara Casino. All but one of the individual defendants are past and present officers and/or directors of SGC and SNFGC; the remaining individual defendant (Rodney Pierce) is a member of the Tribal Council of the SNI and an officer of nonparty Seneca Construction Management Company (SCMC). The gravamen of the complaint is that defendants, acting in concert, interfered with contracts between plaintiff and two SNI-related entities, including SCMC, by directing those entities not to pay plaintiff for work performed under the contracts, and then blacklisted plaintiff from doing any future work on SNI construction projects.

In lieu of answering the complaint, defendants moved to dismiss

the complaint on the ground of sovereign immunity.  Supreme Court granted the motion with respect to SGC and SNFGC but denied the motion with respect to the individual defendants.  We agree with the individual defendants on this appeal that they too are entitled to sovereign immunity because the complaint fails to allege with sufficient specificity that they acted outside the scope of their authority as officers and/or directors of the tribal corporate entities.

"It is well settled that Indian tribes possess common-law sovereign immunity from suit akin to that enjoyed by other sovereigns . . . Absent an explicit waiver of sovereign immunity, an Indian tribe cannot be sued in either state or federal court . . . , and waivers of immunity are to be strictly construed in favor of the [t]ribe" (*Hunt Constr. Group, Inc. v Oneida Indian Nation*, 53 AD3d 1048, 1049, *lv denied* 11 NY3d 709 [internal quotation marks omitted]; *see Santa Clara Pueblo v Martinez*, 436 US 49, 58-59; *Matter of Ransom v St. Regis Mohawk Educ. & Community Fund*, 86 NY2d 553, 558).  Although tribal immunity does not necessarily extend to individual members of the tribe (*see Puyallup Tribe v Department of Game of Wash.*, 433 US 165, 171; *see also Narragansett Indian Tribe v Rhode Island*, 449 F3d 16, 42, *cert denied* 549 US 1053), it does as a rule "extend[] to individual tribal officials acting in their representative capacity and within the scope of their authority" (*Zeth v Johnson*, 309 AD2d 1247, 1248 [internal quotation marks omitted]).  "[A] tribal official - even if sued in his 'individual capacity' - is only 'stripped' of tribal immunity when he acts 'manifestly or palpably beyond his authority' " (*Bassett v Mashantucket Pequot Museum & Research Ctr., Inc.*, 221 F Supp 2d 271, 280; *see generally Doe v Phillips*, 81 F3d 1204, 1209-1211).

Here, we conclude that the complaint fails to allege facts sufficient to support a finding that the individual defendants, in their dealings with plaintiff, acted outside the scope of their authority as officials of the SNI and its corporate entities (*see Smith v Oneida Empl. Servs.*, 2009 WL 890614, at *3 [ND NY]; *Frazier v Turning Stone Casino*, 254 F Supp 2d 295, 310, *reconsideration denied* 2005 WL 2033483 [ND NY]).  Indeed, the complaint alleges that SGC has "no separate existence from the persons who carry out acts or engage in conduct under the name of this . . . entity," and that SNFGC "purports to be a wholly[-]owned subsidiary of SGC."  All of the acts allegedly performed by the individual defendants are linked to their association with the corporate entities and, by extension, to the SNI itself.  The complaint does not allege that any of the individual defendants personally profited or benefitted in any manner from their alleged acts of misconduct.  Although the complaint alleges that the individual defendants engaged in improper and tortious conduct, it does not necessarily follow that in doing so they acted outside the scope of their tribal authority.  To the extent that the complaint alleges that the individual defendants used their "power, influence, positions and political connections" to harm plaintiff, we conclude that such power and influence exists only by virtue of the individual

defendants' positions in, and actions on behalf of, SGC, SNFGC, and SCMC.

Entered:  October 5, 2012                    Frances E. Cafarell
                                             Clerk of the Court