Unkechaug Indian Nation v Treadwell (2021 NY Slip Op 01286)





Unkechaug Indian Nation v Treadwell


2021 NY Slip Op 01286


Decided on March 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2020-03645
2020-06690
 (Index No. 614783/18)

[*1]Unkechaug Indian Nation, respondent,
v
Danielle Treadwell, et al., appellants, et al., defendants.


Long Tuminello, LLP, Bay Shore, NY (Michelle Aulivola of counsel), for appellants.
Meyer, Suozzi, English & Klein, P.C., Garden City, NY (Kevin Schlosser and Matthew A. Marcucci of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that an April 12, 2018 decision and order of the Tribal Government regarding possessory rights to certain real property located within the Poospatuck Indian Reservation is a final and binding determination of the Tribal Government, in which the defendants Danielle Treadwell and SmokesRUs, Inc., asserted counterclaims for a judgment declaring, among other things, that the defendant Danielle Treadwell was entitled to possession of a portion of the subject real property, those defendants appeal from (1) an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated March 11, 2020, and (2) an order of the same court dated July 9, 2020. The order dated March 11, 2020, insofar as appealed from, sua sponte, in effect, directed dismissal of the counterclaims of the defendants Danielle Treadwell and SmokesRUs, Inc., and denied those defendants' motion for a preliminary injunction. The order dated July 9, 2020, insofar as appealed from, denied those defendants' motion for leave to renew and reargue their opposition to the plaintiff's motion for summary judgment with respect to their counterclaims, which had been determined in the order dated March 11, 2020.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order dated March 11, 2020, as, sua sponte, in effect, directed dismissal of the counterclaims is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the appeal from so much of the order dated July 9, 2020, as denied that branch of the motion of the defendants Danielle Treadwell and SmokesRUs, Inc., which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated March 11, 2020, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated July 9, 2020, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff payable by the defendants Danielle Treadwell and SmokesRUs, Inc.
The plaintiff, Unkechaug Indian Nation (hereinafter the Nation), is an Indian tribe recognized by the State of New York, which occupies the Poospatuck Reservation in Suffolk County (see Indian Law § 2; Matter of Spota v Jackson, 10 NY3d 46, 53, 48 n 1; Gristede's Foods, Inc. v Unkechauge Nation, 660 F Supp 2d 442, 445 [ED NY]). In this action, the Nation seeks a declaratory judgment and a permanent injunction enforcing the Tribal Council's April 12, 2018 decision and order confirming the right of the defendant Curtis C. Treadwell, Sr. (hereinafter Curtis), a blood-right member of the Nation, to possess the whole of certain real property known as 198 Poospatuck Lane (hereinafter the subject property), including a disputed portion thereof, referred to by the defendant Danielle Treadwell (hereinafter Danielle), another blood-right member of the Nation, and the defendant SmokesRUs, Inc., as 194 Poospatuck Lane (hereinafter the disputed portion of the subject property), all of which lies within the bounds of the Poospatuck Reservation (hereinafter the April 2018 determination). The Nation sought, inter alia, declarations that a 2010 certificate conferring possessory rights to the subject property on Curtis is valid, while a purported 2013 certificate conferring possessory rights to the disputed portion of the subject property on Danielle is null and void. The Nation thereafter amended its complaint to limit the scope of the cause of action for declaratory relief to the issue of whether the April 2018 determination is authentic, and as such is a final determination of the Tribal Government in the exercise of its sovereign authority which is binding on the parties; however, before it did so, Danielle and SmokesRUs, Inc. (hereinafter together the defendants), asserted counterclaims against the Nation seeking, inter alia, a declaration that Danielle was entitled to possession of the disputed portion of the subject property, and that Curtis had no rights to the disputed portion. In an order dated May 1, 2019, the Supreme Court determined, inter alia, that, notwithstanding the Nation's subsequent amendment of its complaint, by seeking declarations as to the defendants' possessory rights in its initial complaint, the Nation had waived its sovereign immunity with respect to the inverse declarations sought by Danielle in her counterclaims.
Thereafter, on September 16, 2019, the Nation, pursuant to the Tribal Rules, Customs, and Regulations (hereinafter the Tribal Rules), convened a Special Meeting of its membership for the purpose of determining whether Danielle was an "undesirable person" within the meaning of article I, section IV, and article XVIII of the Tribal Rules such that she could be denied the right to occupy land within the Poospatuck Reservation. A majority of the voting members present at the Special Meeting voted to determine that Danielle was an "undesirable person" (hereinafter the 2019 undesirability determination). Pursuant to that vote, the Tribal Council then adopted a resolution and directives, which, inter alia, resolved that occupancy of the disputed portion of the subject property be withheld from Danielle and directed, inter alia, that she "cease and desist" from occupying, using, and possessing the disputed portion of the subject property. On October 26, 2019, the Nation placed concrete barriers around part of the disputed portion.
Thereafter, the defendants moved for a preliminary injunction against the Nation. The Nation moved for summary judgment with respect to the defendants' counterclaims, in effect, declaring that Danielle had no rights in or to the disputed portion of the subject property. The Nation argued, inter alia, that the defendants' counterclaims were barred by the sovereign authority exercised by the Nation in determining that Danielle was an "undesirable person." The defendants opposed the Nation's motion, arguing, inter alia, that the 2019 undesirability determination, and the subsequent resolution and directives, violated her rights under the Indian Civil Rights Act of 1968 (25 USC § 1301 et seq.). In an order dated March 11, 2020, the Supreme Court found that the Nation's 2019 undesirability determination and the Tribal Council's actions based upon that determination rendered the action as a whole academic. Accordingly, the court, inter alia, denied the Nation's motion for summary judgment and the defendants' motion for injunctive relief, directed dismissal of the amended complaint, and, sua sponte, in effect, directed dismissal of the defendants' counterclaims for declaratory relief, as academic. The defendants moved for leave to renew and reargue their opposition to the Nation's motion for summary judgment. In an order dated July 9, 2020, the court denied the defendants' motion. The defendants appeal from the orders dated March 11, 2020, and July 9, 2020.
When acting within its territorial boundaries and with respect to internal matters, an Indian Nation retains the sovereignty it enjoyed prior to the adoption of the United States Constitution except to the extent that its sovereignty has been abrogated or curtailed by Congress (see Montana v United States, 450 US 544, 564; United States v Kagama, 118 US 375, 381-382; Cayuga Nation v Campbell, 34 NY3d 282, 291, 293). As such, "tribes possess the common-law immunity traditionally enjoyed by sovereign powers" (Oneida Indian Nation v Phillips, 981 F3d 157, 170 [2d Cir]). As the Supreme Court correctly determined in the May 1, 2019 order, in seeking a declaration with respect to Curtis's right to occupy the disputed portion of the subject property, the Nation waived its sovereign immunity as to that issue (see Rupp v Omaha Indian Tribe, 45 F3d 1241, 1244 [8th Cir] ; Cayuga Indian Nation of New York v Seneca County, New York, 260 F Supp 3d 290, 299 [WD NY]). However, "a waiver of sovereign immunity cannot, on its own, extend a court's subject matter jurisdiction" (Oneida Indian Nation v Phillips, 981 F3d at 171), and "[w]aivers of [sovereignty] are to be strictly construed in favor of the Tribe" (Wells Fargo Bank, N.A. v Chukchansi Economic Dev. Auth., 118 AD3d 550, 551 [internal quotation marks omitted]; see Sue/Perior Concrete & Paving, Inc. v Seneca Gaming Corp., 99 AD3d 1203, 1204).
Because of the retained sovereignty of Indian Nations, the subject matter jurisdiction of state courts "must be predicated on explicit authorization from Congress to address matters of tribal self-government" (Cayuga Nation v Campbell, 34 NY3d at 292). Moreover, the courts of this State have rejected the "paternalistic view" that Indian Nations within its borders are "disadvantaged" by their "inability to rely on New York courts" to determine internal disputes, since "the use of dispute resolution mechanisms other than courts is itself an exercise of the right to self-govern in a manner consistent with tribal traditions and oral law" (id. at 296; see Cayuga Nation v Tanner, 824 F3d 321, 327 [2d Cir]). Thus, "'when it comes to Indian affairs, state courts are courts of limited jurisdiction'" (Cayuga Nation v Campbell, 34 NY3d at 296, quoting Bowen v Doyle, 880 FSupp 99, 114 [WD NY], affd 230 F3d 525 [2d Cir]).
Here, by bringing the April 2018 determination that Curtis was the rightful possessor of the subject property before the state Supreme Court, and seeking a declaration and enforcement, the Nation waived its sovereign immunity, though only as to that determination and its enforcement (see Oneida Indian Nation v Phillips, 981 F3d at 171; Rupp v Omaha Indian Tribe, 45 F3d at 1244; Cayuga Indian Nation of New York v Seneca County, New York, 260 F Supp 3d at 299). Accordingly, so long as the Nation relied on the April 2018 determination as its basis for excluding Danielle from the disputed portion of the subject property, the defendants' counterclaims seeking inverse declarations could proceed along with the Nation's action for declaratory relief. However, once the Nation proceeded to take the undesirability vote in September 2019 and issue the tribal resolution and directives based upon the membership's vote, the Nation, pursuant to its own Tribal Rules, created a new and independent basis, under its sovereign authority, for excluding Danielle from the disputed portion of the subject property. The Supreme Court properly recognized that once it was informed of the 2019 undesirability determination, it could not take any action with respect thereto, as this was a sovereign act of the Nation outside the court's subject matter jurisdiction (see Cayuga Nation v Campbell, 34 NY3d 282).
Contrary to the defendants' contention, in merely apprising the Supreme Court of the 2019 undesirability determination, the Nation did not seek either validation or enforcement of that determination, nor did its claim that the 2019 undesirability determination rendered review and enforcement of the 2018 determination academic constitute a waiver of sovereign immunity as to the 2019 undesirability determination (see Matter of Spota v Jackson, 10 NY3d at 53; Matter of Jimerson v Halftown Estate, 22 AD2d 417, 419).
Accordingly, the Supreme Court correctly determined that in light of the 2019 undesirability determination, it lacked subject matter jurisdiction over the dispute, and that any determination regarding Danielle's rights to the disputed portion of the subject property was rendered academic (see Iowa Mut. Ins. Co. v LaPlante, 480 US 9, 15; Oneida Indian Nation v Phillips, 981 F3d at 171; Cayuga Nation v Campbell, 34 NY3d at 292).
Contrary to the defendants' contention, the Supreme Court did not err in declining to consider whether the Nation's 2019 undesirability determination was entitled to recognition by State courts under principles of comity. The doctrine of comity, which applies to the acts of Indian Nations as well as those of the courts of sister states and foreign nations, provides that the courts of this State have discretion to consider whether the determination comports with the laws and public policy of this State and to determine whether to enforce it (see FMC Corp. v Shoshone-Bannock Tribes, 942 F3d 916, 930 [9th Cir]; MacArthur v San Juan County, 497 F3d 1057, 1067 [10th Cir]; AT & T Corp. v Coeur d'Alene Tribe, 295 F3d 899, 903 [9th Cir]; see generally Hala v Orange Regional Med. Ctr., 178 AD3d 151, 166; Matter of Long Is. Forum for Tech. v New York State Div. of Human Rights, 85 AD3d 791, 794). Here, however, since the Nation merely apprised the court of the 2019 undesirability determination without asking the State court to review or enforce it, the issue of whether to grant comity to that determination was not placed before the court. For the same reasons, there was no basis for the court to address the defendants' contentions that the 2019 undesirability determination was obtained in violation of the Tribal Rules and the Indian Civil Rights Act. As previously set forth, the court determined that the 2019 undesirability determination was an exercise of the Nation's sovereign authority.
The denial of that branch of the defendants' motion which was for leave to reargue is not appealable, and therefore, the appeal from that portion of the order dated July 9, 2020, denying that branch of the motion, must be dismissed (see Matter of New S. Ins. Co. v Rosado, 125 AD3d 867). Moreover, the court properly denied that branch of the defendants' motion which was for leave to renew, as they failed to present any new facts that would change the prior determination (see Matter of Allstate Ins. Co. v Robinson, 188 AD3d 1186).
The defendants' remaining contention is without merit.
RIVERA, J.P., CONNOLLY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court