Goldman v Nationstar Mtge., LLC (2022 NY Slip Op 03376)





Goldman v Nationstar Mtge., LLC


2022 NY Slip Op 03376


Decided on May 25, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 25, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.


2019-08144
 (Index No. 510009/17)

[*1]Beverly Goldman, et al., appellants,
v
Nationstar Mortgage, LLC, respondent.


Law Office of Samuel Katz, PLLC, Brooklyn, NY (Joseph J. Schwartz of counsel), for appellants.
McCalla Raymer Leibert Pierce, LLP, New York, NY (Margaret S. Stefandl of counsel), for respondent.



DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiffs appeal from an order of the Supreme Court, Kings County (Noach Dear, J.), dated May 16, 2019. The order denied the plaintiffs' motion for leave to renew and reargue (1) their prior motion for summary judgment on the complaint, which had been denied in an order of the same court dated August 7, 2018, and (2) their opposition to the defendant's cross motion pursuant to CPLR 3211(a) to dismiss the complaint, which had been granted in the order dated August 7, 2018.
ORDERED that the appeal from so much of the order dated May 16, 2019, as denied that branch of the plaintiffs' motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the appeal from so much of the order dated May 16, 2019, as denied that branch of the plaintiffs' motion which for leave to renew their opposition to the defendant's cross motion pursuant to CPLR 3211(a) to dismiss the complaint is dismissed as academic in light of the determination on a related appeal (see Goldman v Nationstar Mtge., LLC, ___ AD3d ___ [Appellate Division Docket No. 2018-14247; decided herewith]); and it is further,
ORDERED that the order dated May 16, 2019, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiffs commenced this action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage encumbering certain real property located in Brooklyn. The plaintiffs moved for summary judgment on the complaint, and the defendant cross-moved pursuant to CPLR 3211(a) to dismiss the complaint. In an order dated August 7, 2018, the Supreme Court denied the motion, and granted the cross motion.
The plaintiffs then moved for leave to renew and reargue their prior motion and their opposition to the cross motion. The defendant opposed the motion. In an order dated May 16, 2019, the Supreme Court denied the plaintiffs' motion. The plaintiffs appeal.
The denial of a motion for leave to reargue is not appealable and, therefore, the appeal from so much of the order dated May 16, 2019, as denied that branch of the plaintiffs' motion which was for leave reargue must be dismissed (see Unkechaug Indian Nation v Treadwell, 192 AD3d 729, 734).
That branch of the plaintiffs' motion which was for leave to renew their opposition to the defendant's cross motion pursuant to CPLR 3211(a) has been rendered academic by our determination on the related appeal from the order dated August 7, 2018, denying the cross motion (see Goldman v Nationstar Mtge., LLC, ___ AD3d ___ [Appellate Division Docket No. 2018-14247; decided herewith]).
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination," and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][2], [3]). Reasonable justification does not exist where the new evidence offered consists of documents which the moving party knew existed, and which were in the moving party's possession at the time the initial motion was made (see Countrywide Home Loans, Inc. v Ward, 167 AD3d 842, 844; Cioffi v S.M. Foods, Inc., 129 AD3d 888, 891).
Here, the plaintiffs admitted that the new evidence offered was in their possession at the time the original motion and cross motion were made, and no reasonable justification was offered for their failure to submit the materials in the first instance (see Sterling Nat. Bank v Alan B. Brill, P.C., 186 AD3d 515, 519; Countrywide Home Loans, Inc. v Ward, 167 AD3d at 844). Thus, the Supreme Court properly denied that branch of the plaintiffs' motion which was for leave to renew their prior motion for summary judgment on the complaint.
BRATHWAITE NELSON, J.P., MILLER, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court