Matter of Cayuga Nation v Parker (2024 NY Slip Op 03603)

Matter of Cayuga Nation v Parker

2024 NY Slip Op 03603

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, AND KEANE, JJ.

270 CA 23-00163

[*1]IN THE MATTER OF CAYUGA NATION, PETITIONER-RESPONDENT,
v
DUSTIN PARKER AND DUSTIN PARKER, DOING BUSINESS AS PIPEKEEPERS, RESPONDENTS-APPELLANTS. (APPEAL NO. 1.)

NIXON PEABODY LLP, ALBANY (ERIK A. GOERGEN OF COUNSEL), FOR RESPONDENTS-APPELLANTS. 
BARCLAY DAMON LLP, SYRACUSE (LEE ALCOTT OF COUNSEL), FOR PETITIONER-RESPONDENT.

Appeal from a judgment of the Supreme Court, Cayuga County (Thomas G. Leone, A.J.), entered January 11, 2023. The judgment granted petitioner a money judgment against respondents. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs and the petition is dismissed.
Memorandum: In appeal No. 1, respondents, Dustin Parker and Dustin Parker, doing business as Pipekeepers, appeal from a judgment granting petitioner's CPLR article 4 petition to domesticate a Cayuga Nation Civil Court (Nation Court) judgment in the amount of $126,000, which was granted after a finding by the Nation Court that respondents were in contempt of its order permanently enjoining respondents from the operation of Pipekeepers. The Nation Court assessed a fine of $1,000 per day against respondents, totaling $126,000. In appeal No. 2, respondents appeal from a judgment granting a separate CPLR article 4 petition to domesticate a judgment of the Nation Court in the amount of $39,050, which was granted after a finding by the Nation Court that respondents were in violation of a Cayuga Nation ordinance, and the Nation Court assessed a fine of $1,000 per day plus costs, totaling $39,050.
In each appeal, respondents contend, inter alia, that the respective foreign country judgment is a fine and, therefore, may not be recognized under CPLR article 53. We agree, and we therefore reverse the judgments in appeal Nos. 1 and 2 and dismiss the petitions.
Petitioner argues that respondents' contention is unpreserved. We conclude that the contention falls within "the rarely invoked exception [to the preservation requirement] for a newly raised point of law that is decisive in a civil case and could not have been obviated by factual showings or legal countersteps if it had been raised below" (Misicki v Caradonna, 12 NY3d 511, 519 [2009] [internal quotation marks omitted]; see Wells Fargo Bank v Islam, 174 AD3d 670, 672 [2d Dept 2019]; Oram v Capone, 206 AD2d 839, 840 [4th Dept 1994]).
With respect to the merits, 22 NYCRR 202.71 provides that: "[a]ny person seeking recognition of a judgment, decree or order rendered by a court duly established under tribal or federal law by any Indian tribe, band or nation recognized by the State of New York or by the United States may commence a special proceeding in Supreme Court pursuant to Article 4 of the CPLR by filing a notice of petition and a petition with a copy of the tribal court judgment, decree or order appended thereto in the County Clerk's office in any appropriate county of the state. If the court finds that the judgment, decree or order is entitled to recognition under principles of the [*2]common law of comity, it shall direct entry of the tribal judgment, decree or order as a judgment, decree or order of the Supreme Court of the State of New York. This procedure shall not supplant or diminish other available procedures for the recognition of judgments, decrees and orders under the law." Thus, under the regulation, filing a notice of petition and a petition with a copy of the tribal court judgment, decree or order appended thereto initiates review by a Supreme Court Justice; mere compliance with those procedural guidelines, however, does not entitle recognition of a foreign judgment.
A tribal court judgment is a foreign judgment (see Unkechaug Indian Nation v Treadwell, 192 AD3d 729, 733 [2d Dept 2021]; see also Iowa Mut. Ins. Co. v LaPlante, 480 US 9, 15 [1987]). Judgments of foreign countries are recognized in New York under the doctrine of comity in accordance with the principles and procedures set forth in article 53 of the CPLR (see Byblos Bank Europe, S.A. v Sekerbank Turk Anonym Syrketi, 10 NY3d 243, 247 [2008]). "[C]omity is not a rule of law, but a voluntary decision by one state to defer to the policy of another, especially in the face of a strong assertion of interest by the other jurisdiction" (Boudreaux v State of La., Dept. of Transp., 11 NY3d 321, 326 [2008], cert denied 557 US 936 [2009] [internal quotation marks omitted]). "It is well settled that laws of foreign governments have extraterritorial jurisdiction only by comity . . . . The principle which determines whether we shall give effect to foreign legislation is that of public policy and, where there is a conflict between our public policy and application of comity, our own sense of justice and equity as embodied in our public policy must prevail" (Lippens v Winkler Backereitechnik GmbH [appeal No. 2], 138 AD3d 1507, 1509 [4th Dept 2016] [internal quotation marks omitted]). " 'Comity,' in a legal sense, is neither a matter of absolute obligation, on the one hand, nor of mere courtesy and good will, upon the other" (Hilton v Guyot, 159 US 113, 163-164 [1895]; see Sorensen v Sorensen, 219 App Div 344, 348 [2d Dept 1927]). "The doctrine of comity, which applies to the acts of Indian Nations as well as those of the courts of sister states and foreign nations, provides that the courts of this State have discretion to consider whether the determination comports with the laws and public policy of this State and to determine whether to enforce it" (Unkechaug Indian Nation, 192 AD3d at 733).
"Under CPLR article 53, a judgment issued by a foreign country is recognized and enforceable in New York State if it is 'final, conclusive and enforceable where rendered' " (Daguerre, S.A.R.L. v Rabizadeh, 112 AD3d 876, 877 [2d Dept 2013], quoting CPLR 5302 [a] [2]). Article 53, however, "does not apply to a foreign country judgment, even if the judgment grants or denies recovery of a sum of money, to the extent the judgment is . . . a fine or penalty" (CPLR 5302 [b] [2] [emphasis added]). "A party seeking recognition of a foreign country judgment has the burden of establishing that [article 53] applies to the foreign country judgment" (CPLR 5302 [c]; see Gemstar Can., Inc. v George A. Fuller Co., Inc., 127 AD3d 689, 690 [2d Dept 2015]; Trejos Hermanos Sucesores S.A. v Verizon Communications Inc., 2024 WL 149551, *3 [SD NY, Jan. 12, 2024, No. 1:21-cv-08928 (JLR)]).
Here, there is no dispute that each of the foreign country judgments at issue in these appeals is a fine. The foreign country judgments were granted by the Nation Court against respondents after the Nation Court found respondents in contempt of an order permanently enjoining respondents from operating Pipekeepers and in violation of a Cayuga Nation ordinance and assessed fines based on those findings. Thus, inasmuch as petitioner failed to meet its burdens of establishing that article 53 applied to the foreign country judgments (cf. Trejos Hermanos Sucesores S.A., 2024 WL 149551 at *5; Yi Feng Leather Intl. Ltd. v Tribeca Design Showroom, LLC, 2019 WL 4744620, *2 [SD NY, Sept. 30, 2019, No. 17 Civ. 05195 (AJN)]; see generally Invest Bank PSC v Al Tadamun Glass & Aluminium Co. LLC, 77 Misc 3d 1202[A], 2022 NY Slip Op 51096[U], *2-3 [Sup Ct, NY County 2022]), the burdens never shifted to respondents to establish a mandatory or discretionary ground for non-recognition of the judgments under CPLR 5304 (see CPLR 5302 [b] [2]; CPLR 5304 [c]; Vinogradov v Sokolova, 77 Misc 3d 284, 290 [Sup Ct, NY County 2022]; see generally Stumpf AG v Dynegy Inc., 32 AD3d 232, 233 [1st Dept 2006]) and the petitions must be dismissed.
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court